UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

AMBER SHAH

Plaintiff,

V.                          CIVIL ACTION NO

PREMIERE CREDIT OF NORTH AMERICA, LLC

Defendant,                  OCTOBER 11, 2012

**COMPLAINT**

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices" Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder; and the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Branford, CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a principal place of business located at 2002 WELLESLEY BLVD, INDIANAPOLIS, IN, 46219

6. Defendant communicated with the Plaintiff by letter dated July 30, 2012, in regards to her deceased husband's personal student loan debt.

7. In the collection efforts, the Defendant communicated with the Plaintiff over the telephone and advised her they would not stop debt collection attempts until she provided them with a death certificate of her deceased husband.

8. Prior to the collection attempts, Plaintiff went to her deceased husband's former college and provided the School's Financial Aid Department a copy of her husband's death certificate.

9. Defendant violated 1692e, by making false, deceptive and misleading statements to the Plaintiff and violated the FDCPA §1692e and f, by stating it would not stop collecting this debt until she provided a collection agent, a copy of her deceased husbands death certificate.

10. The Defendant failed to provide the required notice provided by §1692e (11) in each and every communication, thereby violating the FDCPA.

11. Defendant added an illegal collection fee of $2,673.47 to the principal amount of the debt and violated §1692e (2)(a) and §1692f (1).

**Second Count.**

12. The allegations of the First Count are repeated and realleged as if fully set forth herein.

13. Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. 42-1 l0a et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award Plaintiff such damages as are permitted by law including $1,000 statutory damages against the Defendant;

2. Award Plaintiff damages as are permitted by law on Count II

3. Award the Plaintiff costs of suit and a reasonable attorney's fee;

4. Award such other and further relief as law may provide.

THE PLAINTIFF

BY/S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
203-481-4040
Fax: 443-440-6372
Email: mwk550@yahoo.com